**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

**NEW CINGULAR WIRELESS PCS, LLC**

 **Plaintiff,**

**v.**              **CIVIL ACTION NO.:** 1:19-cv-00091

**THE CITY OF BROWNSVILLE, TEXAS
and THE CITY COMMISSION OF THE
CITY OF BROWNSVILLE**

 **Defendant.**

## COMPLAINT FOR EQUITABLE RELIEF, DECLARATORY JUDGMENT AND REQUEST FOR EXPEDITED REVIEW

 Plaintiff New Cingular Wireless PCS, LLC, an AT&T company ("AT&T"), files this complaint for Equitable Relief, Declaratory Judgment and Request for Expedited Review against The City of Brownsville, Texas ("Brownsville" or the "City") and The City Commission of the City of Brownsville (the "City Commission") and states as follows:

## I.  INTRODUCTION.

 1.  This action arises out of and concerns the unlawful denial of AT&T's Application for Specific Use Permit to construct a wireless telecommunications facility on real property located in Brownsville, Texas.

 2.  AT&T seeks to deliver the latest available wireless telecommunications technology to its customers. As part of this effort, AT&T seeks to identify and fill significant gaps in wireless coverage and capacity. To fill gaps in coverage and capacity, and meet rapidly growing demand, AT&T must expand its network by constructing an infrastructure designed and developed by AT&T's engineering staff and outside professionals. AT&T's network infrastructure is made up of multiple wireless service facilities. Each of AT&T's facilities can

only serve limited areas because of, *inter alia*, geography and radio frequency bands.  AT&T's facilities must be located in the areas where service is needed and within proximity of other AT&T facilities to provide its customers with adequate signal strength, services, and a useable wireless telecommunications network.

3.       AT&T brings this action to require the City to permit the building of a new wireless telecommunication tower that will fill a significant gap in cellular phone coverage and capacity in Brownsville, Texas.

4.       Among other things, the City's denial of AT&T's application is not supported by substantial evidence contained in a written record, discriminates among wireless providers, and effectively prohibits the provision of personal wireless service in the vicinity of the proposed facility.

5.       Accordingly, the City's denial of AT&T's application violates the Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7) (the "TCA") and AT&T is entitled to an order directing the City to grant AT&T's application for the proposed facility.

6.       The City's denial also conflicts with the governing Zoning Ordinance of the City of Brownsville, especially in light of the granting of two variances by the Board of Adjustments of the City of Brownsville relating to the application placing AT&T's application squarely in compliance with all applicable requirements.

7.       Plaintiff requests expedited treatment of this Complaint pursuant to 47 U.S.C. § 332(c)(7)(B)(v).

## II.      THE PARTIES.

8.      New Cingular Wireless Services, PCS, LLC is a Delaware limited liability corporation and subsidiary of AT&T, Inc. which itself is a Delaware corporation, doing business as AT&T, with its registered office at 1209 Orange Street, Wilmington, Delaware 19801.

9.      Brownsville is a political subdivision established under the laws of the State of Texas and is subject to the jurisdiction of this Court.

10.      The City Commission governs Brownsville and is subject to the jurisdiction of this Court.

## III.      JURISDICTION AND VENUE.

11.      This Court has jurisdiction over this matter pursuant to: 28 U.S.C. § 1331 (federal question), the TCA, 47 U.S.C. § 332(c)(7)(B)(v) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.      Venue is proper in this Court pursuant to 47 U.S.C. § 332(c)(7)(B)(v) and 28 U.S.C. § 1391(b)(2) because Defendants reside in this judicial district, the proposed wireless communications facility would be located in this judicial district and all or a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## IV.      LEGAL BACKGROUND.

13.      The TCA governs federal, state and local government regulation of the siting of personal wireless service facilities such as the one at issue in this case.  47 U.S.C. § 332(c)(7)(B).

14.      The purpose of the TCA is to "make available, so far as possible, to all the people of the United States . . . a rapid, efficient, Nation-wide, and world-wide wire and radio communications service with adequate facilities at reasonable charges, for the purpose of the

4850-7058-5496v3
2900059-003242

national defense, for the purpose of promoting safety of life and property through the use of wire and radio communications . . . ." 47 U.S.C. § 151.

15.     The TCA reduces barriers local governments impose to defeat or delay the installation of wireless communications facilities and protects against irrational or baseless decisions by local authorities. *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (quoting *Sw. Bell Mobile Sys., Inc. v. Todd*, 244 F.3d 51, 57 (1st Cir. 2001) (abrogated on other grounds by *T-Mobile S., LLC v. City of Roswell, Georgia*, 135 S. Ct. 808 (2015)).

16.     In enacting the TCA, Congress considered the potential conflict between state and local governmental regulation of the placement and aesthetic effects of wireless telecommunications facilities and the national need for rapid deployment of economical and effective wireless services.  The TCA, 47 U.S.C. § 332(c)(7), imposes significant restraints on local governmental actions that might limit the provision of wireless telecommunications services, while preserving state and local governmental authority over decisions regarding the "placement, construction, and modification of wireless facilities."  47 U.S.C. § 332(c)(7)(A).

17.     The TCA specifically prohibits state and local governing entities from discriminating among wireless providers and from taking actions that effectively prohibit wireless providers from providing service.  47 U.S.C. § 332(c)(7)(B)(i).

18.     The TCA states, in pertinent part, that state and local government regulation of personal wireless service facilities:

(I)     shall not unreasonably discriminate among providers of functionally equivalent services; and

(II)    shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

4

47 U.S.C. § 332(c)(7)(B)(i)(I-II).

19.     Among other things, the TCA requires that state and local governing bodies put a denial of a request for a wireless services facility in writing supported by substantial evidence in a written record.  The relevant language provides:

> (iii)     Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities **shall be in writing and supported by substantial evidence contained in a written record**.

47 U.S.C. § 332(c)(7)(B)(iii) (emphasis added).

20.     The TCA provides that "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with [the TCA] may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v).

21.     Appeals under Section 332(c)(7)(B)(v) are to be heard and adjudicated on an expedited basis.  *BellSouth Mobility Inc. v. Gwinnett City,* 944 F. Supp. 923, 929 (N.D. Ga. 1996) (courts shall act expeditiously in deciding appeals brought under section 332(c)(7)(B)(v)).

22.     An injunction ordering issuance of a permit is an appropriate remedy for violation of the TCA.  *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1222 (11th Cir. 2002).

## V.     FACTS.

**A.     Background.**

23.     AT&T provides commercial mobile radio services, personal and advanced wireless services, and other telecommunications services, as those terms are defined under federal law, the State of Texas and the City's ordinances.

24.     To advance the national policies of the TCA established by 47 U.S.C. § 151 and the Federal Communications Commission, AT&T constructs towers and other wireless facilities

5

to create and maintain a network of sites which consists of antennas and communications equipment designed to send and receive radio signals.

25.     AT&T uses radio frequency ("RF") engineers to determine where a new wireless facility is required.  AT&T uses sophisticated proprietary techniques to conduct propagation studies to identify where sites need to be located.  To provide reliable service, radio signal coverage from sites must overlap.  AT&T is not able to provide reliable service to consumers if it is unable to construct sites to effect this overlapping coverage.

26.     AT&T determined that it has a significant gap in its ability to provide reliable service in the identified portion of Brownsville.  In addition, wireless towers both to the north and south of the area are at or near maximum capacity and require offloading capacity in the area of the proposed tower to ensure continuity of service.  In order to improve the wireless telecommunications network in and around the City, AT&T sought to develop a new wireless telecommunications tower site.

27.     AT&T's RF engineers identified a search area and AT&T sought to develop a wireless communications facility somewhere within that area to remedy its significant gap in service.

28.     AT&T investigated suitable properties within the area that were appropriate for a wireless communications facility.

29.     After a thorough investigation of the surrounding area, AT&T determined there were no existing communications towers or structures that could accommodate collocation and remedy AT&T's significant gap in service.

6

30.     AT&T identified the vacant property located at the corner of Fish Hatchery Road and Expressway 77 in Brownsville (the "Proposed Site") as the best and only site to locate the proposed telecommunications tower.

31.     The Proposed Site is located on a vacant tract of land in a "Light Industrial (7C)" use district within Brownsville.

32.     Pursuant to Brownsville city ordinance, wireless telecommunications facilities require specific use permits from the City, subject to approval of any necessary variances by the Brownsville Board of Adjustment, and subsequent approval by the City Commission.

33.     AT&T proposed to develop a 150' monopole, with a 10' lightning rod, telecommunications tower on the Proposed Site.  The height was determined to be the minimum needed to address the coverage and capacity issues in the area of the Proposed Site.

34.     The Proposed Site is critical for AT&T to develop a seamless wireless telecommunications network and to fill a significant gap in coverage and capacity in the area.

35.     This site would also co-locate five (5) additional LTE carriers' equipment installed on the tower, reducing the number of future additional towers that would be needed to be constructed by other wireless providers within Brownsville.

**B.     The Application.**

36.     On or about February 8, 2019, AT&T filed a Specific Use Permit Application seeking to develop a new wireless telecommunication facility to be located on the Proposed Site (the "Application").

37.     All required and necessary supporting documents were included with the Application in compliance with City's written requirements.  The Application complied with all

7

of the applicable general and specific procedures, requirements and standards required by the City, except (1) the City's height restriction and (2) the City's spacing requirements.

38.     The City never provided AT&T with notice that the Application was in any way incomplete or deficient or that additional information needed to be submitted by AT&T for consideration of the Application.

**C**.     **First Planning & Zoning Commission Hearing**.

39.     On or about April 4, 2019, the City's Planning & Zoning Commission conducted a hearing to consider AT&T's Application.  Noting the acknowledged need for variances for height and spacing requirements, the Planning & Zoning Commission deferred consideration of the Application until such time as the Board of Adjustments had considered any applications for variance relating to the requested permit.

**D.**     **Board of Adjustment Hearing.**

40.     On or about April 12, 2019, AT&T submitted 2 separate Board of Adjustment Applications relating to the Proposed Site and Application, seeking variances from the City's height and spacing requirements.  Again, all required and necessary supporting documents were included with the variance applications in compliance with City's written requirements.  The Application complied with all of the applicable general and specific procedures, requirements and standards required by the City.  The City never provided AT&T with notice that the variance applications were in any way incomplete or deficient or that additional information needed to be submitted by AT&T for consideration.

41.     On or about May 1, 2019, the Board of Adjustment held a hearing on AT&T's variance applications.  The Board of Adjustment voted to approve both variance applications.

4850-7058-5496v3
2900059-003242

True and correct copies of the board's written notifications of such approvals are attached as Exhibits 1 and 2 to this Complaint.

42.      As contemplated by the Planning & Zoning Commission at its first hearing, having been granted both variances, AT&T's Application was placed on the agenda for the Planning & Zoning Commission on the following night, May 2, 2019.

**E.      The Second Planning & Zoning Commission Hearing**

43.      On or about May 2, 2019, the Planning & Zoning Commission held a hearing to substantively consider AT&T's Application.   The Planning & Zoning Commission voted to approve the Application to grant the Specific Use Permit for the Proposed Site.

**F.      The City Commission Hearing.**

44.      Having received approval from both the Board of Adjustments and the Planning & Zoning Commission of Brownsville, AT&T's Application was placed on the agenda for the City Commission meeting on May 7, 2019.

45.      At the public hearing, AT&T provided evidence that the Proposed Site was the only site in the propagation area that could provide both the desired coverage and capacity and meet the City's siting requirements.  AT&T presented evidence that it had evaluated other sites in the area and that the Proposed Site was the only site available that would provide the coverage needed to develop the network and close a significant gap in coverage and capacity.

46.      AT&T presented evidence that a coverage gap existed and the Proposed Site was needed to close the gap in the wireless telecommunications network.

47.      AT&T offered evidence that the proposed tower would be safe and the proposed tower met all of the requirements of the applicable City ordinances, having been granted

4850-7058-5496v3
2900059-003242

approval of variances by the Board of Adjustments.   AT&T's substantial evidence supported granting the Specific Use Permit.

48.      No substantial evidence was presented in opposition to the Application or to AT&T's presentation.   The only testimony submitted in opposition was of several local residents expressing general "not in my backyard" type opposition.   Specifically, residents discussed purported health effects, RF emissions and property values.   None of the public comments were supported by any evidence.

49.      Following the public hearing on the Application, the City Commission denied AT&T's Application.   Written notification of the denial of the Application was issued on May 8, 2019.   The written notification does not contain any explanation for the denial.   A true and correct copy of the City Commission's notification of the denial is attached as Exhibit 3 to this Complaint.

50.      In denying the Application, the Board did not rely on any evidence.

51.      Defendants have failed to provide AT&T with substantial evidence supporting the denial of the Application in a written record.

52.      Defendants' failure to provide AT&T with substantial evidence supporting the denial in a written record is in violation of the TCA.

53.      Written denial of the Application was issued on May 8, 2019.   A true and correct copy of the City Commission's written notification of such denial is attached as Exhibit 3 to this Complaint.

## VI.   Claims.

54.      The Defendants violated the TCA's requirement that the denial be in writing supported by substantial evidence. 47 U.S.C. § 332(c)(7)(B)(iii).

55.     There was no evidence supporting denial of the Application much less the required substantial evidence.

56.     Denial of the Application unreasonably discriminates among providers of functionally equivalent services that have otherwise been approved in the City.

57.     Denial of the Application constitutes an effective prohibition of wireless services because Defendants have denied AT&T the ability to provide needed improvements to wireless telecommunications networks in the City.

58.     Denial of the Application conflicts with the TCA which is designed to: "(1) promote the safety of life and property; (2) improve the efficiency of spectrum use and **reduce the regulatory burden upon spectrum users, based upon sound engineering principles, user operational requirements, and marketplace demands**; [and] (3) encourage competition and provide services to the largest feasible number of users . . . ." 47 U.S.C. § 332(a) (1) - (3). (emphasis added).

59.     Denial of the Application is contrary to the intent of the TCA, which is "to promote competition and reduce regulation in order to secure lower process and higher quality services for American telecommunications consumers and encourage the rapid deployment of new telecommunications technologies." TCA, S. 652, 104th Cong. (2nd Sess. 1996).

60.     Denial of the Application is contrary to the express requirements of the Brownsville Zoning Ordinance in that all requirements were met by AT&T's submission and variances granted for the height and spacing restrictions not expressly satisfied.  Such denial is not only unlawful and in violation of the City's own requirements, but the failure to grant the Application by the City is also a violation of the TCA.

4850-7058-5496v3
2900059-003242

61.     The injury to AT&T, by the unsupported and unsubstantiated denial of the Application, is continuing and irreparable.

62.     The denial of the Application cannot be quantified or remedied with monetary damages.

63.     The public interest, supported by the policies embodied in the TCA, warrants a declaration and equitable relief compelling Defendants to approve the Application.

64.     A present and actual controversy exists between AT&T and Defendants regarding denial of the Application in violation of the TCA.

65.     AT&T has been and continues to be adversely affected by denial of the Application.

66.     AT&T has exhausted all of its administrative remedies.

67.     An injunction ordering issuance of a permit is an appropriate remedy for violation of the TCA.

## COUNT ONE
### Failure to Comply with the
### Supported by Substantial Evidence Requirement

68.     AT&T incorporates by reference the allegations set forth above as if set forth fully herein.

69.     The TCA states in pertinent part that:

(iii)    Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and **supported by substantial evidence** contained in a written record.

47 U.S.C. § 332(c)(7)(B)(iii) (emphasis added).

70.     AT&T presented substantial evidence in support of the Application.

71.     The Application complied with every aspect of the City's written requirements.

12

72.   Defendants never informed AT&T that the Application was incomplete.

73.   Defendants relied on unsubstantiated public comments to deny the Application without any substantial evidence in support of such comments.

74.   Defendants have failed to evidence any reason for denial, much less substantial evidence, that the denial is authorized by the City's requirements.

75.   Generalized concerns are not sufficient and are not substantial evidence justifying denial of the Application.

76.   Defendants' denial of the Application fails to meet the "supported by substantial evidence contained in a written record" requirement of the TCA because there is no evidence, much less substantial evidence, supporting denial of the Application.

WHEREFORE, AT&T prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and order Defendants to approve the Application and issue all approvals necessary to allow construction of the proposed telecommunications tower.  AT&T further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

### COUNT TWO
#### Unreasonable Discrimination Among Providers of Functionally Equivalent Services

77.   AT&T incorporates by reference the allegations set forth above as if set forth fully herein.

78.   The TCA specifically provides, in pertinent part, that state and local government regulation of personal wireless service facilities:

(I)   shall not unreasonably discriminate among providers of functionally equivalent services. . . .

47 U.S.C. § 332(c)(7)(B)(i)(I).

13

79.     AT&T met the requirements of the City's written requirements concerning telecommunications towers.

80.     AT&T offered evidence that the Proposed Site was necessary to offer wireless telecommunications service in the area that it would not otherwise be able to offer without approval of the Application.

81.     AT&T complied with all of the requirements necessary for approval of the Application.

82.     AT&T demonstrated that only the Proposed Site would meet the coverage and capacity requirements needed in the area.

83.     The Application was based upon sound engineering principles, user operational requirements and marketplace demands.

84.     Denial of the Application failed to reduce the regulatory burden in violation of the TCA.

85.     Defendants have previously approved functionally equivalent services in the City.

86.     The intentional actions of the Board in denying the Application unreasonably discriminated against AT&T and wireless telecommunications service providers which provide functionally equivalent services that have otherwise been approved and has the effect of prohibiting the provision of wireless services in the area near the Proposed Site in violation of the TCA.

WHEREFORE, AT&T prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA and enter an order granting the Application and all approvals necessary to allow construction of the proposed telecommunications tower on

14

the Proposed Site. AT&T further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

**COUNT THREE**
**Unlawful Prohibition of the**
**Provision of Personal Wireless Services**

87.     AT&T incorporates by reference the allegations set forth above as if set forth fully herein.

88.     The TCA specifically provides, in pertinent part, that state and local government regulation of personal wireless service facilities:

(II)     **shall not prohibit or have the effect of prohibiting** the provision of personal wireless services.

47 U.S.C. § 332(c)(7)(B)(i)(II) (emphasis added).

89.     The Application meets the requirements of the City's written requirements concerning telecommunications towers.

90.     AT&T complied with all of the requirements necessary for approval of the Application.

91.     AT&T provided substantial evidence of a significant gap in coverage and capacity and evidenced a lack of reasonable alternative locations for the proposed wireless telecommunications facility.

92.     AT&T' provided evidence presented in the Application and at the Board hearing that only the Proposed Site would meet AT&T's coverage and capacity requirements.

93.     The Application was based upon sound engineering principles, user operational requirements, and marketplace demands.

94.     Denial of the Application failed to reduce the regulatory burden upon AT&T in violation of the TCA.

15

95.     No evidence was provided in opposition to the Application.

96.     Denial of the Application prevents AT&T from constructing a wireless communications tower on the Proposed Site.

97.     Denial of the Application has the effect of prohibiting the provision of wireless services in the area of the Proposed Site in violation of the TCA.

WHEREFORE, AT&T prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and enter an order granting the Application and all approvals necessary to allow construction of the proposed telecommunications tower on the Proposed Site.  AT&T further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

Respectfully submitted, this 6th day of June, 2019.

> BAKER, DONELSON, BEARMAN,
> CALDWELL & BERKOWITZ,
> A Professional Corporation
>
> By:   */s/ Kenneth E. McKay*
>      Kenneth E. McKay
>      SBN: 13690835
>      1301 McKinney Street
>      Suite 3700
>      Houston, Texas 77010
>      (713) 650-9700
>      (713) 650-9701 – Facsimile
>      kmckay@bakerdonelson.com
>      Attorneys for Plaintiff

4850-7058-5496v3
2900059-003242